**Todd M. Friedman, Esq. (SBN: 216752)**
**Suren N. Weerasuriya, Esq. (SBN: 278512)**
**Adrian R. Bacon, Esq. (SBN: 280332)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@attorneysforconsumers.com**
**sweerasuriya@attorneysforconsumers.com**
**abacon@attorneysforconsumers.com**
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSIKA ALEXUS, INDIVIDUALLY, AND BEHALF OF ALL OTHERS SIMILARLY SITUATED,** ) ) ) ) ) | Case No. |
| Plaintiffs, ) ) | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
| vs. ) ) | **(1)** Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.**.]** |
| **I.C.Q. SEARCH & RECOVERY, INC.; AND DOES 1 THROUGH 10, INCLUSIVE, AND EACH OF THEM,** ) ) ) ) ) | (2) Rosenthal Fair Debt Collection Practices Act [Cal. Civ. § 1788 et seq.] |
| Defendant. ) | **DEMAND FOR JURY TRIAL** |
| _____ | |

Plaintiff Jessika Alexus ("Plaintiff") brings this class action against Defendants I.C.Q. SEARCH & RECOVERY, INC. ("Defendant"), and DOES 1-10 (collectively, "Defendants") on behalf of herself and all others similarly situated to obtain damages, restitution and injunctive relief for the Class, as defined, below, from DEFENDANTS. Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record:

## I. INTRODUCTION

1.   This is a Class Action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2.    This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

3.    Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Contra Costa, State

of California and Plaintiff resides within the County of Contra Costa, State of California.

### III.  PARTIES

4.     Plaintiff, Jessika Alexus ("Plaintiff"), is a natural person residing in Contra Costa County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

5.     At all relevant times herein, Defendant, I.C.Q. Search & Recovery, Inc. ("Defendant"), was a company engaged, by use of mail and telephone, in the business of collecting a debt from Plaintiff, which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due to another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

6.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend

the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## IV.  FACTUAL ALLEGATIONS

8.     Beginning on or around September 3, 2013, and at various other times prior to the filing of the instant Complaint, including within the one year preceding the filing of this Complaint, Defendant began contacting Plaintiff in an attempt to collect an alleged outstanding debt.

9.      During this process, on or around September 3, 2013, Defendant sent a dunning letter to Plaintiff concerning the alleged debt owed.  On or around October 30th, 2013, Defendant sent a second dunning letter Plaintiff concerning the alleged debt owed.

10.    The October 30th, 2013, letter stated that it was a "Final Collection Notice!!!" The letter also stated the following:

Your continued lack of response is disturbing to us because your account is seriously delinquent.  There may be an explanation for your silence, but until we hear from you we can only report to our client that you have ignored our notices.  Therefore, we must inform you that if the payment of $123.95[,] this includes interest [,] is not received in our office within TEN (10) days of the date of this notice[,] collection efforts will be pursued that could result in serious consequences to you.

11.    The letter from Defendant led Plaintiff to believe that legal proceedings were imminent concerning this matter.  Furthermore, the use of the phrase "serious consequences" led Plaintiff to believe that legal action was pending.

12.    To date, no legal action has been taken against Plaintiff.

13.    Furthermore, Defendant attempted to collect interest on Plaintiff's alleged debt.   The dunning letter sent to Plaintiff from Defendant, dated September 4, 2013, stated that Plaintiff had been charged $4.39 of interest.  A second dunning letter, dated October 30, 2014 (approximately fifty-five [55] days later) from Defendant stated that Plaintiff owed $6.35 of interest.

14.    Plaintiff was informed thereafter that no more interest would be charged to this debt.

15.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made(Cal Civ Code §1788.13(j));

c) Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

d) Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action(§1692e(4));

e) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

f) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

g) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

h) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

i) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)); and

j) Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal. Civ. Code § 1788.10(e).

16.    As a result of the above violations of the FDCPA and RFDCPA, Plaintiff and members of the Class suffered and continue to suffer injury to Plaintiff's and Class members' feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff and Class members for actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

18.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to *F.R.C.P. Rule 23*.   The class which Plaintiff seeks to represent is composed of and defined as follows:

Plaintiff Class:

All persons within the United States who received a dunning letter from Defendant, its agent/s and/or employee/s, at their address, within one (1) calendar year from the filing of the instant complaint, wherein Defendant attempted to collect on a purported outstanding debt.

California Subclass:

All members of the Plaintiff Class whose reside in California.

19.    Excluded from the Class are Defendants; officers, directors, and

employees of Defendants; any entity in which Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendants

20.   The Class Period is the period from one year prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

21.   This action is brought and may be properly maintained as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

22.   The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the thousands, if not more.   Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23.   Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via US Mail, thereby threatening Plaintiff and the Class members with false representations of legal proceedings, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

24.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records or Defendant's agents' records.

26.     Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.     Whether Defendant had a standard policy and/or practice of communicating with Class members in connection with the collection of an alleged debt wherein Defendant represents that legal proceedings were imminent, despite having no intention of proceeding with legal action;

b.      Whether Defendant had a standard policy and/or practice of communicating with Class members in connection with the collection of an alleged debt wherein Defendant has attempted to collect interest on said debt by way of a dunning letter;

c.      Whether Defendant had a standard policy and/or practice of communicating with California Class members in connection with the collection of an alleged debt wherein Defendant represents that legal proceedings were imminent, despite having no intention of proceeding with legal action;

d.      Whether Defendant had a standard policy and/or practice of communicating with California Class members in connection with the collection of an alleged debt wherein Defendant has attempted to collect interest on said debt by way of a dunning letter;

e.      The nature and extent of damages and other remedies to which the conduct of Defendant entitles the California Class members;

f.      Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

g.      Whether Defendant and its agents should be enjoined from

engaging in such conduct in the future.

27.    As a person that received dunning letters with the aforementioned language from Defendant, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

28.    Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the RFDCPA and FDCPA.

30.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely

to present significantly fewer difficulties than those presented in many class claims.

31.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692, *et seq*.
(By Plaintiff and the California Class Against All Defendants)

32.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

33.   Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a)  Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b)  Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages, where such action is not lawful or Defendant did not intend to take such action(§1692e(4));

c)  Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

d)  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

e) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

f) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1)); and

g) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1).

34.    Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

35.    As a direct and proximate result of Defendant's violations of *15 U.S.C. § 1692, et. seq.,* Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C. § 1692k(a)(2)(A).*

36.    The violations of *15 U.S.C. § 1692, et. seq.* described herein present a continuing threat to members of the Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

///

///

# COUNT II: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT
### Cal Civ Code § 1788, *et seq.*
### (By Plaintiff and the Class Against All Defendants)

37.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

38.   *Cal. Civ. §1788.17* mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. 1692, et seq.*

39.   Based upon the foregoing, Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a)   Falsely representing the character, amount, or legal status of Plaintiff's debt (§1692e(2)(A));

b)   Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made(Cal Civ Code §1788.13(j));

c)   Threatening Plaintiff that nonpayment of Plaintiffs debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law (Cal Civ Code §1788.10(e));

d)   Falsely representing or implying that nonpayment of Plaintiffs debt would result in the seizure, garnishment, attachment, or sale of Plaintiffs property or wages,

where such action is not lawful or Defendant did not intend to take such action(§1692e(4));

e)  Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

f)  Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

g)  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

h)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

i)  Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)); and

j)  Threatening to take an action against Plaintiff that is prohibited by § 1788 of the California Civil Code (Cal. Civ. Code § 1788.10(e).

40.   Plaintiff alleges that to the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

41.   As a direct and proximate result of Defendant's violations of *Cal. Civ. § 1788 et seq*., Plaintiff and the members of the California Class have suffered injury, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable

attorneys' fees and costs pursuant to *Cal. Civ. § 1788.30*.

42.     The violations of *Cal. Civ. § 1788 et seq*. described herein present a continuing threat to members of the California Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

43.     To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and on behalf of the members of the Plaintiff Class and California Class, prays for judgment against Defendants as follows:

A.     For an order certifying the proposed class and subclass;

B.     For the attorneys appearing on the above caption to be named class counsel and for the named Plaintiff to be appointed class representative;

C.     For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *15 U.S.C. § 1692k(a)(2)(A)* and *Cal. Civ. § 1788.30*;

D.     For actual damages according to proof;

E.     For reasonable attorneys' fees and costs of suit;

F.     For prejudgment interest at the legal rate; and

G.     For such further relief as this Court deems necessary, just, and

proper.

### **JURY DEMAND**

Plaintiff, on behalf of himself and all other similarly situated, hereby demands a trial by jury in this case.


Respectfully submitted,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


Dated: August 29, 2014          By: s/Todd M. Friedman_____

Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
Attorneys for Plaintiff
and the Proposed Class